E-FILED
Monday, 18 May, 2026  03:56:58 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | |
|---|---|
| DEANDRE CRAWFORD,<br>    Plaintiff, | ) <br> ) <br> ) |
| v. | ) Case No. 2:26-cv-02011-SEM <br> ) |
| LUKAS *et al.*,<br>    Defendants. | ) <br> ) <br> ) |

### ORDER

**SUE E. MYERSCOUGH, United States District Judge:**

Before the Court is a Complaint (Doc. 1) filed under 42 U.S.C § 1983, a Motion for Counsel (Doc. 3), and a Motion for Status (Doc. 10) filed by Plaintiff DeAndre Crawford, an inmate at Menard Correctional Center.

The Court concludes that Plaintiff's pleading states a First Amendment retaliation claim against Defendants Dailynn Hardy, Lukas, and Wall and a First Amendment Free Exercise Clause claim against Lukas and Wall. Plaintiff's Motion for Counsel is denied with leave to renew, which renders Plaintiff's Motion for Status moot.

## I. COMPLAINT

### A.  Screening Standard

The Court must "screen" Plaintiff's complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* Upon reviewing the complaint, the court accepts the factual allegations as accurate, construing them liberally in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

### B.  Factual Allegations

Plaintiff's pleading alleges constitutional violations at Danville Correctional Center against Registered Nurse Dailynn Hardy and Correctional Officers Lukas and Wall.

Page **2** of **12**

On January 7, 2024, Plaintiff missed receiving his medications, stating that he was not informed they were being dispensed. Defendant Lukas later wrote a disciplinary ticket for unauthorized movement because Plaintiff remained in his cell when he should have gone to receive his medications. Plaintiff wrote a grievance seeking expungement of the disciplinary ticket. (Pl. Compl., Doc. 1 at 4.)

On March 21, 2024, Defendant Hardy was dispensing medication. Plaintiff notes he did not have his identification card at that time. Plaintiff provided Hardy his identification number orally, but Hardy would not provide Plaintiff his medication without an identification card. Plaintiff returned to his cell. Hardy later wrote Plaintiff a disciplinary ticket for refusing his medications. (*Id.*)

Shortly thereafter, Defendant Lukas threatened to write Plaintiff a disciplinary ticket if he did not return to receive his medications. Plaintiff told Lukas he was not returning to receive his medications, noting that he had misplaced or lost his identification card, and he had already refused his medications. Lukas briefly left but returned with Defendant Wall to search Plaintiff's cell. During their search, a sewing needle was found in what Plaintiff

characterized as the "common area of the cell" he shared with his cellmate. (*Id.* at 5.) After returning to his cell, Plaintiff noticed that his Quran was in the toilet. (*Id.*)

Plaintiff claims that Defendants Lukas and Walls later wrote a false disciplinary ticket, claiming that Plaintiff admitted ownership of the needle. (*Id.*) When later questioned, Plaintiff denied knowing or possessing the needle. Plaintiff later states that Lukas rewrote his ticket, adding an intimidation/threat charge. Plaintiff states that Defendants Lukas and Wall wrote separate disciplinary tickets "in retaliation to cover up the incident." (*Id.* at 6.)

### C. Analysis

Under modern First Amendment doctrine, courts ask "whether a price has been attached to protected speech." *Herron v. Meyer*, 820 F.3d 860, 863 (7th Cir. 2016). "The [F]irst [A]mendment protects speakers from threats of punishment that are designed to discourage future speech. [A plaintiff] can recover from any defendants who made such threats—though there are two additional requirements [proof of causation and damages]." *Fairley v. Andrews*, 578 F.3d 518, 525 (7th Cir. 2009).

To make out a prima facie case of First Amendment

retaliation, a plaintiff must establish that (1) he engaged in activity protected by the First Amendment, (2) he suffered a deprivation that would likely deter First Amendment activity in the future, and (3) the First Amendment activity was "at least a motivating factor" in the defendants' decision to take the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009).

Plaintiff's account is sufficient to state First Amendment retaliation claims against Defendants Hardy, Lukas, and Wall. *See Knight v. Grossman*, 942 F.3d 336, 342-43 (7th Cir. 2019) (recognizing that prisoners retain a constitutional right to refuse unwanted medical treatment). However, Plaintiff fails to show a due-process violation in the subsequent adjudications of the purportedly false disciplinary tickets he was issued.

Seventh Circuit has "long held that as long as procedural protections are constitutionally adequate, [courts] will not overturn a disciplinary decision solely because evidence indicates the claim was fraudulent." *McPherson v. McBride*, 188 F.3d 784, 787 (7th Cir. 1999). "[E]ven assuming fraudulent conduct on the part of prison officials, the protection from such arbitrary action is found in the procedures mandated by due process." *Id.*

Page **5** of **12**

"*Wolff v. McDonnell*[, 418 U.S. 539, 558 (1974),] sets forth the minimum due process requirements for prison disciplinary proceedings when the prisoner has been charged with serious misconduct which could result in loss of good time credits, punitive segregation, or which might also be punishable in state criminal proceedings." *Chavis v. Rowe*, 643 F.2d 1281, 1285 n.3 (7th Cir. 1981).

However, when an inmate's "sanction is less onerous" than revocation of good time credits, prison officials "need not use all of the procedures required by *Wolff* when reaching decisions." *Sylvester v. Hanks*, 140 F.3d 713, 715 (7th Cir. 1998). An inmate is entitled to only informal, nonadversary procedures when "the State's interest implicates the safety of other inmates and prison personnel." *Wilkinson v. Austin*, 545 U.S. 209, 228–29 (2005); *see also Westefer v. Neal*, 682 F.3d 679, 684-86 (7th Cir. 2012) (concluding that informal, nonadversary procedures do not involve the right to call or cross-examine witnesses, record evidence, receive a written decision, or administrative appeal).

"[I]nformal due process requires only that an inmate is provided (1) 'notice of the reasons for the inmate's placement' in

segregation and (2) 'an opportunity to present his views,' for instance, in a written statement or at a hearing." *Ealy v. Watson*, 109 F.4th 958, 966 (7th Cir. 2024) (quoting *Adams v. Reagle*, 91 F.4th 880, 895 (7th Cir. 2024). "[T]he Supreme Court has made clear that '[o]rdinarily a written statement by the inmate will accomplish this purpose .... So long as this occurs, and the decisionmaker reviews the charges and then-available evidence against the prisoner, the Due Process Clause is satisfied.'" *Adams*, 91 F.4th at 895 (quoting *Hewitt v. Helms*, 459 U.S. 460, 476, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983)). Due process is also satisfied if a plaintiff presents his arguments orally during the Committee hearing. *Adams*, 91 F.4th at 896.

Plaintiff acknowledges that he appeared before an Adjustment Committee on the disciplinary ticket issued after the search of his cell in March 2024, where he pleaded not guilty. Plaintiff asserts he was found to have committed the rule violations alleged and was sent to segregation, but does not contend he lost good-time credits. Plaintiff provides no other facts that establish or permit the inference that he was denied due process on any other relevant disciplinary tickets.

"The Free Exercise Clause prohibits the state from imposing a 'substantial burden' on a 'central religious belief or practice.'" *Kaufman v. Pugh*, 733 F.3d 692, 696 (7th Cir. 2013) (quoting *Kaufman v. McCaughtry*, 419 F.3d 678, 682–83 (7th Cir. 2005)).

Construing Plaintiff's pleadings liberally and in his favor, the Court concludes the allegation that Defendants Lukas and Wall desecrated his Quran by throwing it in the toilet states a plausible First Amendment Free Exercise Clause claim. *See Walker v. Chambers-Smith*, 2020 WL 1066506, at *4 (N.D. Ohio, March 5, 2020) (concluding that the plaintiff's allegation that his Quran was placed in toilet water was sufficient at the pleading stage to state a plausible First Amendment Free Exercise claim, although no defendants were identified).

To be deliberately indifferent, a medical professional's decision must be "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Collignon v. Milwaukee County*, 163 F.3d 982, 989 (7th Cir. 1998) (quoting *Youngberg v. Romeo*, 457 U.S. 307, 323 (1982)).

Despite Plaintiff's assertion that Defendant Hardy denied him medical treatment, Plaintiff acknowledged that he refused his medications, which formed the basis of his retaliation claims. Thus, Plaintiff does not state an Eighth Amendment deliberate indifference to serious medical needs claim against Hardy.

## II.   Counsel and Status

Plaintiff has no constitutional right to counsel, and the Court cannot require an attorney to accept pro bono appointments in civil cases. The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992) (holding that although indigent civil litigants have no constitutional right to counsel, a district court may, in its discretion, request counsel to represent indigent civil litigants in certain circumstances). In considering Plaintiff's motion for counsel, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

Plaintiff's Motion for Counsel (Doc. 3) is denied because he has

not satisfied his threshold burden of demonstrating that he has attempted to hire counsel, which typically requires writing to several lawyers and attaching the responses received.

Plaintiff's Motion for Status (Doc. 10) is moot with the entry of the Court's Order.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Counsel (Doc. 3) is DENIED.**

2) **Plaintiff's Motion for Status (Doc. 10) is MOOT.**

3) **According to the Court's screening of Plaintiff's Complaint (Doc. 1) under 28 U.S.C. § 1915A, Plaintiff states a First Amendment retaliation against Defendants Hardy, Lukas, and Wall and a First Amendment Free Exercise Clause claim against Lukas and Wall. Plaintiff's claim against Defendants proceeds in their individual capacities only. Additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or under Federal Rule of Civil Procedure 15.**

4) **This case is now in the process of service. The Court recommends that Plaintiff wait until counsel has appeared for Defendants before filing any motions to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will be denied as premature. Plaintiff need not submit evidence to the Court unless otherwise directed by the Court.**

5) **The Court will attempt service on Defendants by mailing a waiver of service. Defendant has sixty days from service to file an Answer. If Defendants have not filed their respective Answer or appeared through counsel within**

ninety days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive deadlines.

6) If a defendant no longer works at the address provided by Plaintiff, the entity for whom Defendant worked while at that address shall submit to the Clerk Defendant's current work address or, if not known, Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be kept only by the Clerk and shall not be kept in the public docket nor disclosed by the Clerk.

7) Defendants shall file an Answer within sixty days of the date the Clerk sends the waiver. A motion to dismiss is not an answer. The Answer should include all defenses proper under the Federal Rules. The Answer and later pleadings shall be to the issues and claims stated in this Order. An answer sets forth the Defendants' positions. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the Answer is necessary or will be considered.

8) This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Therefore, Plaintiff does not need to mail copies of motions and other documents that Plaintiff has filed with the Clerk to Defendants' counsel. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Court. Instead, Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel files an appearance and the Court

enters a scheduling order, which will provide more detailed information about the discovery process.

9)  Defendants' counsel is granted leave to depose Plaintiff at his place of confinement. Defendants' counsel shall arrange the time for the deposition.

10) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to inform the Court of a change in mailing address or phone number will result in the dismissal of this lawsuit with prejudice.

11) If a Defendant fails to sign and return a waiver of service to the Clerk within thirty days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on that Defendant and will require Defendant to pay the total costs of formal service under Federal Rule of Civil Procedure 4(d)(2).

12) The Court directs the Clerk to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.

13) The Court directs the Clerk to attempt service on Defendants under the standard procedures.

ENTERED May 18, 2026.


s/ *Sue E. Myerscough*

_____
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE